[Nos. 21422–5–I; 21701–1–I.   Division One.   December 18, 1989.]

*In the Matter of the Marriage of* CAROLIE G. LEROUE, *Respondent, and* DAVID J. LEROUE, *Appellant.*

*Leslie O. Stomsvik,* for appellant.

*Timothy P. Ryan* and *Jeanette Brinster,* for respondent.

WINSOR, J.—David LeRoue appeals from a default dissolution decree. He seeks to have the child support and property division aspects of the decree remanded for litigation.[1] We grant the relief requested.

Carolie LeRoue filed for dissolution of her marriage to David. David subsequently removed several items of personal property from the family home. Carolie obtained an order requiring David to return the property.

---

[1] At oral argument, David's attorney explained that David did not contest the fact of dissolution or the decree's custody and visitation provisions. He said: "the only questions Mr. LeRoue wants to litigate are questions involving property distribution and also the level of support."

David did not return the property and, after additional hearings on this and other matters, the court entered an order holding him in contempt and sentencing him to 7 days in jail. The order permitted David to purge his contempt by returning the property before October 17, 1987. It also ordered David to prepare and serve a pretrial affidavit, and to produce certain financial information.

David did not comply with this order, and Carolie moved to strike David's pleadings, and for entry of a default. The court ordered David to return the property and provide the financial information by November 5, or suffer a default. David did not do so, and on November 6, Carolie sought a default order. Her supportive affidavit stated:

> That when we were last in court . . . the Court ordered that my husband return to me all the property described in prior orders no later than 5 p.m. on November [5,] 1987, and in the event of his failure to return the property, his pleadings would be stricken on November 6, 1987 without further notice to him.

The trial court entered an order providing in pertinent part:

> [T]he Court having considered the Petitioner's affidavit that she did not receive the property as set forth in the order entered November 3, 1987, and having heard the argument of counsel and having reviewed the records and files herein and being fully advised in the premises . . ..
> IT IS HEREBY ORDERED that the Respondent's pleadings are hereby stricken and his default is hereby entered.

Six days later, on November 12, 1987, the trial court entered a default dissolution decree. David moved to vacate the decree. His motion was denied.

David contends that it was error to enter a default, and a default decree, because a default cannot be used as a sanction for contempt resulting from a party's failure to comply with court orders unrelated to discovery. David relies on *Hovey v. Elliott*, 167 U.S. 409, 42 L. Ed. 215, 17 S. Ct. 841 (1897), and its progeny, which hold that due process prohibits striking a pleading as a penalty for contempt except when a party has willfully refused to comply with a discovery order. *E.g.*, *Mitchell v. Watson*, 58 Wn.2d 206, 361 P.2d

744 (1961) (default judgment cannot be entered as mere punishment, but can be entered when a defendant fails to produce material evidence); *Yamaha Motor Corp. v. Harris,* 29 Wn. App. 859, 868–69, 631 P.2d 423 (error to dismiss counterclaim as a penalty for contempt arising from defendant's noncompliance with a payment order), *review denied,* 96 Wn.2d 1013 (1981).

■ David is correct. The only reason given in the default order for entering a default is that Carolie "did not receive the property as set forth in the order entered November 3, 1987". This was the same misconduct for which David had already been held in contempt. It is therefore inarguable that the default entered was nothing more than a penalty for contempt. Under *Hovey, Mitchell,* and *Yamaha Motor Corp.,* this was error and requires reversal.

Pursuant to David's request for relief, we remand the child support and property sections of the decree to the trial court for full consideration once the court is satisfied David has purged himself of the contempt. *See Yamaha Motor Corp.,* 29 Wn. App. at 868 (although dismissal for contempt was inappropriate, court may not hear the issue until contempt is cleared). Carolie's request for attorney fees on appeal is also referred to the trial court. RAP 18.1(e).

SCHOLFIELD, J., and AGID, J. Pro Tem., concur.